**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| COREY ARNOLD,<br><br>PLAINTIFF,<br><br>v.<br><br>JOHN M. MCHUGH,<br>SECRETARY,<br>DEPARTMENT OF ARMY,<br><br>DEFENDANT. | ) | CIVIL ACTION NO.:<br><br>JURY TRIAL REQUESTED |

**PETITION TO ENFORCE DECISION OF EEOC'S OFFICE OF FEDERAL OPERATIONS**

NOW COMES Plaintiff, Corey Arnold, by and through the Vaughn Law Firm, LLC, and hereby file this action under 29 C.F.R. § 1614.503(g) pursuant to Title VII, the Administrative Procedure Act, 5 U.S.C. 701 *et seq.,* and the mandamus statute, 28 U.S.C. 1361. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant. Plaintiff states the following as follows:

## I. JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 C.F.R. § 1614.503(g), the Administrative Procedure Act, 5 U.S.C. 701 et seq. and the mandamus statute, 28 U.S.C. 1361 .

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

This is a proceeding to enforce an order of the Equal Employment Opportunity Commission which ordered the Defendant to pay sanctions for its failure to timely conduct its EEO investigation; and constitutes a civil action for enforcement of the EEOC's remedial order pursuant to EEOC regulation 29 C.F.R. § 1614.503(g).

4.

Plaintiff seeks to enforce an order against his former employer, Defendant, who was sanctioned by the EEOC on April 24, 2013, by the Administrative Judge, who entered an Order which directed the Agency to pay $5,596.02 in Attorney's Fees. *See* Exhibit 1. The sanctions were upheld twice by the Office of Federal Operations. *See* Exhibits 2 and 3.

## II. PARTIES

5.

Plaintiff, COREY ARNOLD, is a citizen of the United States of America and a former employee of the Department of Army. At all relevant times, Plaintiff was a federal employee.

6.

Defendant JOHN M. MCHUGH, is the SECRETARY of THE DEPARTMENT OF ARMY ("Army"), an agency of the United States of America. Secretary McHugh is sued in his official capacity and may be sued in this Court under Title VII.

7.

The defendant Army is a federal agency within the executive branch of the United States government and subject to the provisions of the Title VII and 29 CFR 1614 *et seq*. Further, defendant Army is an "employer" within the meaning of section 701(b) of Title VII in that it engages in an industry affecting commerce and has employed the requisite number of employees for the requisite duration under Title VII.

## III. STATEMENT OF FACTS

8.

Plaintiff timely filed his formal complaint on October 13, 2011. *See* Exhibit 4.

9.

The Agency acknowledged it received the complaint on October 19, 2011 and accepted Complainant's claims on November 18, 2011. *See* Exhibit 5.

10.

On May 9, 2012, Complainant requested a hearing at the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), Dallas District Office. *See* Exhibit 6.

11.

At that time, the Agency had not yet assigned an investigator to Mr. Arnold's Complaint.

12.

Following a July 13, 2012, follow up letter, the EEOC issued an Order directing the Agency to produce Mr. Arnold's complaint file on August 1, 2012, which required the Agency to produce the file within fifteen (15) days. *See* Exhibit 7. No file was produced within that time.

13.

On August 21, 2012, the Complainant filed a Motion for Sanctions based upon the Agency's failure to comply with the Order to produce the Complaint file. *See* Exhibit 8.

14.

An Order was issued on October 2, 2012, sanctioning the Agency for failure to timely complete its EEO Investigation. *See* Exhibit 9. That Order stated that the Agency would pay the Complainant his attorneys' fees related to the discovery process in his EEO complaint. *Id*.

15.

Pursuant to the October 2, 2012 Order, the Complainant was awarded $5,596.02 on April 24, 2013. *See* Exhibit 1.

16.

At the conclusion of the case, the Agency issued a Final Agency decision on June 13, 2013, which raised no objection to the award of Attorney's Fees. *See* Exhibit 10.

17.

The Agency subsequently failed to submit payment for Attorney's Fees to Complainant. After unsuccessful resolution of this issue with the Agency,

Complainant then placed the Agency on notice of non-compliance in an email dated June 26, 2013. *See* Exhibit 11.

18.

Complainant received notice from the Agency in the above referenced matter on July 23, 2013 that it would not comply with the Order of the Administrative Judge. *See* Exhibit 12.

19.

This notice came in the form of an attempted amended Final Agency Decision dated July 17, 2013. *Id*.

20.

The Agency subsequently filed an appeal with the Office of Federal Operations objecting to the award of Attorney's Fees based on this amended Final Agency Decision. *See* Exhibit 13.

21.

The Agency had 40 Days from the entry of the Administrative Judge's judgment in this matter to appeal to the OFO the award of Attorney's Fees per the Notice provided by the Administrative Judge. It did not.

22.

The Final Agency Decision issued on June 13, 2013 made no mention of an objection to the fees. The Agency's failed to timely file an appeal.

23.

On April 24, 2014, the OFO upheld the AJ's decision on fees. *See* Exhibit 14.

24.

The Agency then filed a request for reconsideration. *See* Exhibit 15.

25.

On March 23, 2015, the OFO denied the Agency's request for reconsideration, again upholding the fees. *See* Exhibit 16.

26.

On April 24, 2015, the Agency again refused to comply with the final order from the Office of Federal Operations. *See* Exhibit 17.

27.

Plaintiff seeks to enforce the order of the Administrative Law Judge issued on October 2, 2012. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment and order requiring the Defendant to comply with the order of the AJ. More particularly, Plaintiff prays that this Court enter judgment: 1. Ordering the Defendant to pay the Plaintiff 's counsel $5,596.02 as ordered by the AJ. 2. Ordering the Defendant to pay the Plaintiff 's counsel $5,330.01 as ordered by the OFO in relation to the Agency's initial appeal and request for reconsideration. *See* Exhibits 16, 18 and 20. 3. Ordering the Defendant to submit a report of compliance which includes supportive documentation verifying that the corrective action ordered by this court has been implemented; 4. Awarding plaintiff the cost of this action and reasonable attorney's fees, as provided by section 706(k) of Title VII, 42 U.S.C. §§ 2000e-6(k); 5. Granting such other and further relief as this Court deems necessary and proper.

This 26th Day of May, 2015.

*Attorneys for Plaintiff*

THE VAUGHN LAW FIRM, LLC

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
D.C. Bar No. 987201

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295